United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIAM KHAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 4:23-cv-04138 |
| | § | |
| QATAR AIRWAYS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM & ORDER**

This case arises from an invasive search that allegedly occurred during a flight stopover in Doha, Qatar. Currently pending before the Court is Defendant's Motion to Dismiss (ECF No. 42). The Court held a hearing on the matter on August 7, 2024. At the hearing, the Court found that Qatari law applies to Count I of Plaintiff's Complaint, and granted Plaintiff leave to amend Count I. As to the remaining issues of personal jurisdiction, timeliness, and *forum non conveniens*, the Court took the matter under advisement. It now **DENIES** Defendant's Motion.

I.  BACKGROUND[1]

A.  **Factual Background**

Plaintiff Mariam Khan alleges that, on October 2, 2020, she was a passenger on Qatar Airways flight QR604, which was traveling from Hamad International Airport in Doha, Qatar to

---

[1] In resolving Defendant's 12(b)(2) and 12(b)(6) Motion to Dismiss, the Court accepts Plaintiff's uncontroverted allegations and resolves all factual issues in favor of Plaintiff. *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (12(b)(2)); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (12(b)(6)).

1

Jinnah International Airport in Karachi, Pakistan ("Flight"). ECF No. 38 at ¶ 14. Khan further alleges that she is a resident of Texas and purchased her ticket for the flight in Texas. *Id.* at ¶¶ 7, 10. The flight was allegedly part of Khan's roundtrip itinerary from Houston, Texas to Karachi, Pakistan. *Id.* It had a stopover in Doha. *Id.*

Khan's complaint states that, while the passengers waited for the Flight to leave Doha, armed security police boarded the aircraft, assisted by Qatar Airways staff. *Id.* at ¶ 15. The police allegedly ordered Khan and other female passengers to disembark. *Id.* Khan alleges that the police took her into an ambulance on the tarmac and, without providing any explanation or obtaining consent, subjected her to an invasive gynecological body search. *Id.* at ¶ 16. Khan explains that, while she did not know this at the time, the search occurred because a newborn infant had been found abandoned in a restroom in the airport terminal. *Id.* at ¶ 15. As a result, the police allegedly decided to halt all outbound flights and remove and search female passengers to determine who had given birth to the infant. *Id.* Khan alleges that she has incurred, and will incur, medical bills, lost earnings, and great pain, suffering, and emotional distress as a result of Defendant's actions. *Id.* at ¶ 20.

B.  **Procedural Background**

Khan originally filed this suit in the Circuit Court of Cook County, Illinois. ECF No. 1. In December 2022, Defendant removed the action to the U.S. District Court for the Northern District of Illinois. *Id.* On September 8, 2023, Judge Kocoras granted Defendant's Motion to Dismiss, dismissed Plaintiff's complaint without prejudice, and transferred the action to this Court. ECF No. 30. In his order, Judge Kocoras declined to exercise jurisdiction under Rule 4(k)(2), which allows federal courts to exercise jurisdiction if (a) a defendant is not subject to jurisdiction in any

state's courts of general jurisdiction; and (b) exercising jurisdiction is consistent with the U.S. Constitution and laws. FED. R. CIV. P. 4(k)(2). Judge Kocoras reasoned that it was "not clear that 'defendant is not subject to jurisdiction in any state's courts of general jurisdiction'" as the case has "ties to Texas" given that Khan resides in Texas and "the Flight originated and ended in Houston." ECF No. 30 at 6, 9.

In accordance with the Illinois court's order, the case was then transferred to this Court on November 1, 2023. ECF No. 32. Plaintiff filed an Amended Complaint in this Court on January 30, 2024, that asserts two claims against Defendant Qatar Airways: (1) common law personal injury and (2) violations of the Montreal Convention. ECF No. 38. Defendant filed a Motion to Dismiss on March 29, 2024, which seeks dismissal of both of Plaintiff's claims. ECF No. 42.

## II.    STANDARD OF REVIEW

### A.  12(b)(2)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for "lack of personal jurisdiction." FED. R. CIV. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. Th[e] court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted). When evaluating the plaintiff's showing, a court can consider "affidavits, interrogatories,

3

depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

### B. 12(b)(6)

Separately, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

A complainant must plead "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This must be more than "[a]n unadorned, the-defendant-unlawfully-harmed-me accusation" or "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While the court must accept well-pleaded facts as true, legal conclusions are not entitled to the same assumption of truth. *Id*.

### C. Doctrine of *forum non conveniens*

Under the doctrine of *forum non conveniens*, a federal district court may decline to exercise jurisdiction "if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir.2001). "[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 527 (1947).

An analysis of a motion to dismiss for *forum non conveniens* proceeds in two stages. First, the Court must decide whether an available and adequate alternative forum exists. *In re BP P.L.C. Sec. Litig.*, No. 4:12-CV-1256, 2013 WL 6383968, at *52 (S.D. Tex. Dec. 5, 2013) (Ellison, J.). Then, the Court determines which forum is best suited to the litigation, weighing private and public interest factors. *Id.* The Defendant bears the burden of persuasion as to whether a *forum non conveniens* dismissal is appropriate. *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1164 (5th Cir. 1987).

## III.   ANALYSIS

### A. Personal Jurisdiction

A federal district court may exercise personal jurisdiction over a foreign defendant—such as Qatar Airways—if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). Here, these two inquiries merge into one because the Texas long-arm statute permits

the exercise of personal jurisdiction over a foreign defendant to the fullest extent allowed by the United States Constitution. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 17.042); *Lloyd's Syndicate 457 v. Am. Glob. Mar. Inc.*, 346 F. Supp. 3d 908, 926 (S.D. Tex. 2018); *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008).

Personal jurisdiction can be either general or specific. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). In this case, the parties agree that Defendant's principal place of business is in Doha, Qatar. And Plaintiff has not alleged that Defendant's contacts with Texas are "so substantial and of such a nature" to render it "at home" in Texas. *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 242 (5th Cir. 2022), *cert. denied sub nom. Douglass v. Kaisha*, 143 S. Ct. 1021, 215 L. Ed. 2d 188 (2023). Thus, the issue here is whether due process permits the Court to exercise specific personal jurisdiction over Defendant. To evaluate whether due process permits the exercise of specific jurisdiction, courts consider:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona*, 924 F.3d at 193 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

### 1. Whether Defendant has minimum contacts with Texas

For there to be minimum contacts, a defendant must have "purposefully availed himself of the benefits and protections of the forum state . . . such that he should reasonably anticipate being haled into court there." *Id.* (citations omitted). Plaintiff points out that Defendant operates weekly flights from Houston and Fort Worth and has employees in Houston and Dallas. *See* ECF No. 42-

2. She also points out that she purchased her ticket in Houston, Texas. Taken together, Khan's allegations are enough to establish minimum contacts. *See Carmona*, 924 F.3d at 196 (finding purposeful availment when defendant's employees entered Texas while onboard a ship that traveled to various locations throughout the world).

### 2. Whether Plaintiff's claims arise out of or relate to Defendant's Texas contacts

Next, Plaintiff must establish that her claims arise out of or relate to Defendant's contacts with Texas. *Id.* at 197. The Supreme Court recently stated:

> None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do. As just noted, our most common formulation of the rule demands that the suit 'arise out of or relate to the defendant's contacts with the forum.' . . . The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing. That does not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum. But again, we have never framed the specific jurisdiction inquiry as always requiring proof of causation—i.e., proof that the plaintiff's claim came about because of the defendant's in-state conduct.

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362, 141 S. Ct. 1017, 1026, 209 L. Ed. 2d 225 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017)). In the hearing, Defendant suggested that the only connection Khan's claims have to Defendant's Texas contacts is the fact that Khan purchased her plane ticket in Texas. If that were the case, exercising specific jurisdiction in this case would likely infringe upon the "real limits" set forth in *Ford*. *See Cordice v. LIAT Airlines*, No. 14-CV-2924 RRM LB, 2015 WL 5579868, at *4 (E.D.N.Y. Sept. 22, 2015) ("The mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket."). However, the fact that the search giving rise to

7

Plaintiff's suit allegedly occurred during a Qatar Airways trip that originated in Texas alters the Court's analysis. While it is a close case, the Court concludes that Khan's claims "relate to" Defendant's contacts with Texas—that is, Defendant's offering of trips originating in Texas.

### 3. Whether the exercise of jurisdiction would be fair and reasonable

Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable. *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 384 (5th Cir. 2003). The defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Here, Defendant focuses its arguments on the first two steps of the specific jurisdiction test and makes no effort to present the requisite "compelling case." *Id.*; *see also JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (argument waived for inadequate briefing). Accordingly, the Court finds and holds that it has specific personal jurisdiction over Defendant. Dismissal is not warranted on this basis.

## B. Timeliness

Defendant next contends that Plaintiff's claims should be dismissed as time-barred. As to this issue, the transferor court's order leaves this Court in a puzzling procedural posture. Under 28 U.S.C. § 1406, when district courts lack jurisdiction, they have discretion to either dismiss the case without prejudice, *or* to transfer it to a court that has jurisdiction. *Fogarty v. USA Truck, Inc.*, 242 F. App'x 152, 154 (5th Cir. 2007) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962)). Inexplicably, in this, case, the transferor court's Order

8

purported to transfer the case to this Court *and* dismiss the complaint without prejudice. ECF No. 30.

If the transferor court had exclusively transferred the action to this Court, there would be no statute-of-limitations problem, as the effect of a transfer is to allow the action to proceed as if it had been filed in the transferee court on the date upon which it was filed in the transferor court. 28 U.S.C. § 1631. However, in addition to transferring the case, the transferor court noted that the complaint was dismissed without prejudice. The effect of dismissal without prejudice is that parties are left "in the same legal position as if no suit had been filed," which the Fifth Circuit has acknowledged can "result in an action being time-barred if the applicable statute of limitations has run after the filing of the complaint." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir.1995)).[2] Defendants argue that Plaintiff's filing of her Amended Complaint in this Court on January 30, 2024 was effectively a re-filing of her suit, after the limitations period had expired. The parties were unable to identify any case in this same procedural posture to aid in the Court's analysis.

While not discussed in the parties' briefs, the Court finds guidance from the Fifth Circuit's pronouncements on the law of the case doctrine as applied to the multidistrict litigation context. Under that framework, following a transfer, "the law of the case doctrine and general principles of comity" provide that "a successor judge has the same discretion to reconsider an order as would the first judge, but should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th

---

[2] The events giving rise to Plaintiff's suit occurred on October 2, 2020, and the applicable limitations period is two years. She filed her original complaint in Illinois state court on September 28, 2022. Thus, if the case was transferred to this Court, it is timely. If it was dismissed and refiled in this Court, it is time-barred.

9

Cir. 2009) (quoting *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997). Law of the case doctrine applied in the transfer context allows a transferee court to revisit determinations of a transferor court if "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work . . . manifest injustice." *Id.* at 411–12 (quoting *Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009)).

Here, while there is no new evidence or controlling authority, the transferor court's decision to dismiss the case without prejudice in addition to transferring it was so clearly erroneous that it would work manifest injustice in this case. It is well-established that dismissal without prejudice and transfer represent two mutually exclusive choices a court may take when it determines that it lacks jurisdiction over a case. *Fogarty*, 242 F. App'x at 154 (citing *Goldlawr*, 369 U.S. at 466–67. After concluding that it did not have personal jurisdiction over Defendant, the transferor court made the following statements:

- "This case has no connection to Illinois, but it does have connections to Texas."

- district courts have the power to transfer cases sua sponte under 28 U.S.C. § 1404. . . . It is the Court's opinion that this case belongs in Texas."

- "Common sense dictates that the Court decline to exercise personal jurisdiction over Qatar Airways and transfer the case to Texas."

ECF No. 30 at 9. In passing, it also stated that "[t]he dismissal of the complaint is without prejudice to the reassertion of Khan's claims in a court that can exercise personal jurisdiction over Qatar Airways." *Id.* Then, in its conclusion, it stated: "For the foregoing reasons, Qatar Airways' motion to dismiss for lack of personal jurisdiction is granted and the complaint is dismissed without prejudice. The Clerk is directed to transfer this action to the United States District Court for the

Southern District of Texas." *Id.* at 10. From this, it is clear that the transferor court intended to transfer the case, not dismiss it. It is equally apparent that it was clearly erroneous for the transferor court to dismiss Plaintiff's complaint without prejudice. And the dismissal would affect manifest injustice, as it results in Plaintiff's claims now being time-barred. As such, the Court finds it appropriate to reconsider the transferor court's decision to dismiss the case without prejudice. The Court shall treat the transferor court's decision as a transfer only. It follows that Plaintiff's claims are timely, and dismissal is inappropriate on this basis.

### C. Forum non conveniens

Finally, Defendant contends that this action should be dismissed under the doctrine of *forum non conveniens*.

#### 1. Whether Qatar is an available and adequate forum

The first question of the *forum non conveniens* inquiry is whether the Qatari forum is an "available and adequate" alternative forum. *O'Keefe v. Noble Drilling Corp.*, 347 F. App'x 27, 31 (5th Cir. 2009). To make this assessment, courts generally consider the following factors: "(1) amenability of the defendant to service of process and (2) availability of an adequate remedy in the alternative forum." *Karim v. Finch Shipping Co.*, 265 F.3d 258, 268 (5th Cir. 2001).

Plaintiff argues that Qatar is not an available forum because her claims are barred by the statute of limitations. *See Duay v. Cont'l Airlines, Inc.*, No. H-10-CV-1454, 2010 WL 5342824, at *4 (S.D. Tex. Dec. 21, 2010) (collecting cases and explaining that Montreal Convention's two-year limitations period is not subject to state tolling rules). However, Defendant has agreed to submit itself to the jurisdiction of Qatar and to waive any applicable statute-of-limitations defense. ECF No. 46 at 12–13. Thus, the statute of limitations does not render the Qatari forum unavailable.

11

*See Ghannoum v. Qatar Airways Q.C.S.C.*, No. CIV.A. H-13-2994, 2014 WL 4354436, at *3, *6 (S.D. Tex. Sept. 2, 2014) (finding that Qatar was an available forum where defendant agreed to waive statute-of-limitations defense).

Plaintiff next argues that Qatar is not available because she is emotionally and psychologically unable to attend a trial in Qatar, given that she was sexually assaulted by Qatari security police. Though Qatari courts have been hearing cases remotely following the COVID-19 pandemic, *see* ECF No. 16-3 at ¶ 45, Plaintiff says that testifying remotely is "not an adequate procedure" as "it is essential that she testify as to all the facts" in-person, ECF No. 45 at 20 & n.2. However, Plaintiff has not provided authority to support her argument that her preference for in-person testimony renders the Qatari forum unavailable. And courts have consistently held that a Plaintiff's refusal to re-file in an abroad forum cannot render the forum unavailable (otherwise, Plaintiffs could always unilaterally defeat *forum non conveniens* motions). *Villar v. Crowley Mar. Corp.*, 780 F. Supp. 1467, 1484 (S.D. Tex. 1992), *aff'd*, 990 F.2d 1489 (5th Cir. 1993) ("Plaintiffs' failure to initiate such an action cannot serve as a reason for this Court to conclude that an adequate foreign forum does not now exist."); *Snaza v. Howard Johnson Franchise Sys., Inc.*, No. 3:07-CV-0495-O, 2008 WL 5383155, at *6 (N.D. Tex. Dec. 24, 2008) ("Whether Plaintiffs actually file is simply not germane to the *forum non conveniens* analysis."). The Court concludes that Qatar is an available alternative forum. It must next consider whether it is an adequate forum.

A forum is adequate when "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American Court." *Ghannoum*, 2014 WL 4354436, at *3 (quoting *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379–80 (5th Cir. 2002)). While less favorable standards or lower potential recovery do not render

12

an alternative forum inadequate, there may exist "rare circumstances" where the remedy offered by a forum is "clearly unsatisfactory," such as when "the alternative forum does not permit litigation of the subject matter of the dispute." *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265 n.22 (1981)).

Such "rare circumstances" do not exist here. First, the substantive provisions of Plaintiff's Montreal Convention claim will be the same regardless of where it is heard. Next, Defendant's Qatari law expert Dr. Yassin El Shazly has averred that Qatar has an independent and impartial judiciary. ECF No. 16-3 at ¶¶ 33–35. Dr. Shazly, along with another judge in this district, explicitly noted that Qatar is an adequate forum to sue Qatar Airlines based on tort claims, as the Qatari Civil Code "follows the general principle that a person is liable for damages if he injures another." *Id.* at ¶ 36; *Ghannoum*, 2014 WL 4354436, at *3; *see also In re Air Crash over the S. Indian Ocean on Mar. 8, 2014*, 946 F.3d 607, 613 (D.C. Cir. 2020) ("Where, as here, it appears undisputed that an alternative forum would provide a plaintiff at least some remedy, a district court acts within its discretion in deeming that forum an adequate alternative to a U.S. court."). The *Ghannoum* court and Dr. Shazly further confirmed that Qatar's independent court system means that "the fact that Defendant [Qatar Airways] is owned entirely by the Qatari government should have no influence on an action brought by Plaintiff in Qatar." *Ghannoum*, 2014 WL 4354436, at *3; ECF No. 16-3 at ¶ 36. All in all, the Court concludes that Qatar is an available and adequate alternative forum.

1. **Private interest factors**

Next, the Court must consider "relevant factors of private interest, weighing in the balance the relevant deference given the particular plaintiff's initial choice of forum." *In re BP P.L.C. Sec.*

13

*Litig.*, 2013 WL 6383968, at *52 (Ellison, J.) (*quoting In re Air Crash Disaster near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987)). Those factors are:

(1) the relative ease of access to sources of proof;

(2) the availability of compulsory process to secure the attendance of witnesses;

(3) the cost of attendance for willing witnesses; and

(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Syndicate 420 at Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821, 831 (5th Cir.1986) (citing *Piper*, 454 U.S. at 241 n. 6). If the private interest factors weigh in favor of dismissal, the motion to dismiss for *forum non conveniens* may be granted. *See Empresa Lineas Maritimas Argentinas, S.A. v. Schichau–Unterweser, A.G.*, 955 F.2d 368, 376 (5th Cir. 1992) (finding "no need to consider the public interest factors" when the "balance of private interest factors favor[ed] dismissal"). Otherwise, the Court must consider the relevant public interest factors.[3] In general, courts apply a favorable presumption to the plaintiff's choice of forum, particularly where—as here—the plaintiff has chosen their home forum. *In re BP P.L.C. Sec. Litig.*, 2013 WL 6383968, at *53 (Ellison, J.).

**(1) Access to sources of proof:** Here, the events giving rise to Plaintiff's claims, as alleged in Plaintiff's complaint, occurred at an airport in Qatar. In its reply brief, Defendant asserts that it intends to challenge the factual bases of Plaintiff's claim, including whether the incident occurred at all, whether it resulted in bodily injury, and where and when it occurred. A Qatari court would

---

[3] The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Syndicate 420*, 796 F.2d at 831 (citing *Piper*, 454 U.S. at 241 n. 6).

14

have easier access to evidence that could resolve these factual disputes. Thus, this first factor weighs in favor of dismissal.

**(2) Availability of compulsory process to secure attendance of witnesses and (3) cost of attendance for willing witnesses:** Defendant argues that, as with available proof, key witnesses are located in Qatar. It is true that the armed security police that allegedly conducted the invasive search are, presumably, located in Qatar, and that there is no obvious way to secure their attendance in this district. On the other hand, Plaintiff points out that many of the witnesses in this case are Defendant's own employees, who it could presumably secure the attendance of, particularly given that Defendant is an airline company with regular flights between Qatar and Texas. *See Greene v. Mizuho Bank, Ltd.*, 206 F. Supp. 3d 1362, 1381 (N.D. Ill. 2016) ("[I]f [Defendant] believes it did nothing wrong, it has every incentive to have its employees cooperate and convey its position."). Also, Plaintiff notes other key witnesses are the Australian and British passengers of her flight, who were allegedly subjected to the same invasive search. In the U.S., Plaintiff can obtain third-party evidence from these individuals, pursuant to The Hague Convention on the Taking of Evidence Abroad to which the U.S., Australia, and the U.K. all are signatories. By contrast, she cannot obtain this evidence in Qatar, as Qatar is not a signatory to this Convention. Plaintiff's points are well-taken; the second and third private interest factors weigh slightly against dismissal.

**(4) Other practical problems:** Plaintiff argues that her fear of traveling to Qatar and interacting with the Qatari government following the invasive search constitutes a "practical problem" weighing in favor of keeping this case in the U.S.[4] Courts have noted that financial

---

[4] She also notes that there is no pretrial discovery available in Qatar. However, she does not cite authority for this argument, and, as Defendant points out, Qatari Civil Procedure Law sets out procedures by which a party may request documents from another party. *See* ECF No. 46-2.

15

hardship can constitute a "practical problem" weighing against dismissal. *See Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 424 (7th Cir. 2009). The Court sees no reason why emotional and psychological hardship should not likewise factor into the analysis. This factor weighs slightly against dismissal.

On the whole, then, the private interest factors weigh slightly against dismissal.

### 2. Public interest factors

The public interest factors are: (1) the administrative difficulties arising from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in trying a diversity case in a forum that is at home with the governing law; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 214 (5th Cir. 2010).

**(1) Court congestion:** Defendant has offered no evidence comparing Qatari and U.S. Court congestion. This factor is neutral.

**(2) Local interest in having localized controversies decided at home:** Plaintiff asserts that this case is not a "localized controversy," but rather, one with "international implications," given that several individuals of U.S., U.K., and Australian citizenship were allegedly subject to the same invasive search by Qatari state officials. She further points out that the U.S. has an interest in adjudicating issues involving the sexual assault of its citizens. Defendant, on the other hand, argues that Qatar has a strong interest in hearing the case, as the alleged events occurred in Qatar, and concern a Qatari Defendant and Qatari actors. The Court is persuaded by Plaintiff's arguments and concludes that this factor weighs against dismissal.

**(3) Trying diversity case in home forum and (4) Avoiding unnecessary problems in conflict of laws or application of foreign law:** The parties agree that the Montreal Convention provides the applicable law in this case. Moreover, Defendant does not dispute Plaintiff's contention that a "trial in Qatar would require the Qatari court to interpret and apply U.S. caselaw on the interpretation of the Convention's provisions." ECF No. 45 at 25. At best, then, these factors are neutral, and perhaps weigh slightly against dismissal.

**(5) Unfairness of burdening citizens in unrelated forum with jury duty:** The parties do not address this factor in their briefs; the Court finds that it is neutral.

Having considered all of the public and private interest factors, the Court finds that Defendant has not met its burden of showing that the factors "weigh heavily" in favor of trying the dispute in Qatar. *See In re Air Crash Disaster Near New Orleans*, 821 F.2d at 1164; *see also In re Air Crash over the S. Indian Ocean on Mar. 8, 2014*, 946 F.3d 607, 612 (D.C. Cir. 2020). Therefore, dismissal under the doctrine of *forum non conveniens* is inappropriate.

## IV. CONCLUSION

For the forgoing reasons, the Court **DENIES IN PART** Defendant's Motion. As stated in the hearing, the Court finds that Qatari law applies to Plaintiff's first claim, and, accordingly, the Court grants Plaintiff leave to file its Second Amended Complaint within **two weeks** of the entry of this Order. If Plaintiff does not amend Count I within two weeks, that claim will be dismissed.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 8th day of August, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE